UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOHNSON,

                Petitioner,                Case No.13-13832

                                  HON. AVERN COHN

v.

LLOYD RAPELJE,

                Respondent.

_____/

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO FILE APPEAL IN FORMA PAUPERIS**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner is incarcerated at a Michigan correctional facility after being convicted of assault with intent to commit murder, M.C.L. § 750.83 and possession of a firearm during the commission of a felony. M.C.L.§ 750.227b. Petitioner was sentenced to 15-to-40 years for the assault conviction and a consecutive two years for the firearm conviction. Petitioner raises four claims in his petition: (1) Petitioner was denied his right to enter a conditional guilty plea to preserve his claim that the prosecutor committed misconduct; (2) Petitioner was denied the effective assistance of counsel for his failure to secure a conditional plea; (3) Petitioner was denied due process due to a preindictment delay; and (4) Petitioner's sentencing guidelines were scored incorrectly. For the reasons that follow, the petition will be denied for lack of merit.

II. Background

Petitioner's convictions stem from a shooting occurring inside his apartment on February 10, 2007. At the preliminary examination, Krista McNeal testified that Petitioner called her to come over to his apartment. McNeal was Petitioner's ex-girlfriend. When McNeal arrived at the apartment, she was pushed onto a couch by Petitioner. Soon another woman arrived who was also pushed onto the couch. Petitioner produced a handgun and began yelling questions and hitting both women. Eventually, McNeal admitted that she had slept with another man. Petitioner then threw her onto his bed and shot her four times, including once in the chest. McNeal was able to get away and ran out of the apartment, located a gas station attendant, and had him call for help. McNeal eventually recovered from her injuries.

Petitioner fled to New Jersey where was he finally located and extradited to Michigan in 2010. He was arraigned on September 15, 2010, and pled no contest to the charges indicated above on December 17, 2010. He was sentenced as described above.

Following sentencing, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising his habeas claims. The Michigan Court of Appeals denied leave to appeal. People v. Johnson, No. 308235 (Mich. Ct. App. June 18, 2012). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme, raising the same claims he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. People v. Johnson, 493 Mich. 895 (2012).

III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S. Ct. 1855,

3

1862 (2010)((quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id.

"[I]f this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the

law." Woodford, 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-87.

IV. Analysis

A. Claims 1 and 2 - Conditional Plea

The Court understands Petitioner's first claim to assert that he was denied his right to enter a conditional plea to preserve a prosecutorial misconduct claim regarding the alleged intimidation of witnesses. His related second claim asserts that his counsel was ineffective for failing to obtain an agreement from the prosecutor to enter a conditional plea.

Petitioner's first claim must fail because there is no constitutional right to enter a guilty plea at all in state court. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977) (no constitutional right to plea bargain); United States v. Sammons, 918 F.2d. 592, 601 (6th Cir. 1990). It follows that Petitioner had no constitutional right to a conditional plea either.

Petitioner further contends that trial counsel was ineffective for failing to advise him of his right to seek a conditional guilty plea in order to preserve his prosecutorial misconduct claim for appeal. To succeed on this claim, Petitioner must show that he was prejudiced by his counsel's failure to obtain a conditional plea. Premo v. Moore, 131 S. Ct. 733, 743 (2011).

Although Michigan law permits the entry of a conditional plea to preserve an

issue for appeal, it is well settled that a conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. See People v. Lannom, 441 Mich. 490, 493, n. 5 (1992); People v. Reid, 420 Mich. 326, 337 (1984); M.C.R. 6.301(C)(2); See also Brown v. Trombley, 2007 U.S. Dist. LEXIS 22846, 2007 WL 1013687, *3 (E.D. Mich. March 29, 2007).  Michigan law parallels Federal Rule of Criminal Procedure 11(a)(2), stating that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty."

Petitioner was not prejudiced by defense counsel's failure to negotiate a conditional plea agreement that would have preserved his rights to appeal the his prosecutorial misconduct issue, absent any showing that counsel could have successfully negotiated such a plea agreement. See United States v. Moya, 676 F. 3d 1211, 1214 (10th Cir. 2012); United States v. Alvarez-Quiroga, 901 F. 2d 1433, 1437 (7th Cir. 1990)(failure of defendant's attorney to seek conditional plea agreement could not be charged to attorney incompetence so as to render guilty plea involuntary due to erroneous advice of counsel; conditional plea is not just choice of defendant, but rather, requires that both Government and court find such plea acceptable).  Petitioner has made no showing the prosecutor would have agreed to a conditional plea.  Petitioner is not entitled to habeas relief on this claim.

### B.  Claim 3 - Preindictment Delay

#### 1.

Petitioner's next claim asserts that his prosecution should have been barred because of the three year delay between the crime and the charge.

The Due Process Clause of the Fifth Amendment provides a defendant limited

protection against pre-indictment delay. United States v. Lovasco, 431 U.S. 783, 789 (1977). The prosecution of a defendant does not necessarily deprive him of due process, even if his defense is somewhat prejudiced by the lapse of time. Id. at 796. The Supreme Court has indicated that, although statutes of limitations provide the "'primary guarantee against bringing overly stale criminal charges,'" where preindictment delay is involved "the Due Process Clause has a limited role to play in protecting against oppressive delay." Lovasco, 431 U.S. at 789 (quoting United States v. Marion, 404 U.S. 307, 322 (1971)).

> The Sixth Circuit has consistently read Lovasco to hold that '[d]ismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage.'

United State v. Brown, 959 F.2d 63,66 (6th Cir. 1992). A defendant bears the burden of proof that the delay caused substantial prejudice to his right to a fair trial and that the delay was for the purpose of gaining a tactical advantage over him. Marion, 404 U.S. at 322.

2.

Here, Petitioner cannot satisfy either prong of the Lovasco test. First, Petitioner has not shown that the prosecutor delayed bringing the charges against him for the purpose of gaining some sort of tactical advantage. Rather, the record shows that after the shooting Petitioner fled to New Jersey and was not found and extradited to Michigan until 2010. There is no record evidence that the prosecutor delayed the investigation into Petitioner's whereabouts to obtain any advantage over Petitioner.

Nor has Petitioner demonstrated that he was prejudiced by the delay. Petitioner's trial counsel initially moved for dismissal of the charges because of the delay. The trial court denied the motion. Petitioner does not allege that any of the witnesses present in Petitioner's apartment were unavailable to testify at trial. Rather, he asserts that purported alibi witnesses were in prison or otherwise unavailable at the time of trial. However, he provides no names, statements, or affidavits from these witnesses. Thus, his assertion is based on speculation.

Overall, Petitioner has not demonstrated that the delay in bringing charges against him resulted from the prosecutor's intent to gain a tactical advantage or how he was prejudiced by the delay. Habeas relief is therefore not warranted on this claim.

## C. Claim 4 - Sentencing Guidelines

In his last claim for relief, Petitioner asserts that his sentencing guidelines were incorrectly scored. The claim is not cognizable on federal habeas review.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Any claim by Petitioner that the state trial court misapplied the Michigan Sentencing Guidelines is not a viable claim for federal habeas review because it is basically a state law claim. See Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Thus, any claim that the state trial court miscalculated the sentencing guidelines thus does not entitle petitioner to habeas relief. Welch v. Burke, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999).

V. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, Petitioner is not entitled to a certificate of appealability.

VI. Conclusion

For the reasons state above, the petition is DENIED. This case is DISMISSED

A certificate of appealability is also DENIED.

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2014
      Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 10, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160